## Case No. 9,650.

### The MISSISSIPPI.

District Court, S. D. Florida.   1871.

SALVAGE.

[Libel in rem by Grayham I. Lester and others against the cargo and materials of the American steamship Mississippi.]

L. W. Bethel, for libelants.
S. R. Mallory, for respondent.

## Case No. 9,651.

### The MISSISSIPPI.

[10 Adm. Rec. 610.]

District Court, S. D. Florida.   June 8, 1874.

SALVAGE—CONSOLIDATION OF LIBELS—COMPENSATION.

[1. Where several libels are filed against the cargo of the same vessel for services of the same nature and character, they will be joined and considered as one suit for the purposes of awarding salvage.]

[2. Where a cargo was saved partly in a damaged and partly in an undamaged condition, *held,* that there should be allowed, of the net value, thirty per cent. on the undamaged goods, forty per cent. on certain cotton ties saved from the orlop deck, fifty per cent. on merchandise badly damaged, and all of certain cotton ties, hoop iron, steel bars, and other property saved from the lower hold by diving.]

[Cited in Baker v. The Slobodna, 35 Fed. 544.]

[Libels in rem by Sylvanus Pinder and others, George Bocker and others, O. L. Baker and others, and S. A. Pyfrom and others against the cargo saved from the stranded British steamer Mississippi, for salvage.]

L. W. Bethel, W. C. Maloney, Jr., and G. Browne Patterson, for libellant.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Miner Bethel, for respondent.

LOCKE, District Judge. The allegations and proofs in these several causes by libel or petition having been fully heard and understood, and mature deliberation had thereupon, and it appearing that the services for which salvage is claimed, in each libel or petition, have been rendered to the cargo of the same vessel, and are of the same nature and character, it is ordered that the several cases be joined and for the purpose of awarding and decreeing salvage considered as one; and the property saved having been partly sold and partly appraised, the part sold for twenty-six hundred and eighty-one 46/100 dollars ($2,681.46), and the portion appraised at twenty-three thousand seven hundred and sixty-four 89/100 dollars ($23,764.89), and no objection having been made to said sale or appraisement, that said sale be confirmed and appraisement adopted for the purpose of determining salvage. And that the libellants and petitioners are entitled to recover, in full compensation for their services, thirty per cent. of the net value of the property saved in an undamaged condition, including 21 crates of crockery, 7 cases clay pipes, 687 boxes of tin, and 38 bales of cotton domestics; forty per cent. of the net value of the cotton ties saved from the orlop deck, namely, the 1,724 bundles, saved by the Harriet Maria, and 1,260 bundles saved by the Competitor; and fifty per cent. of the net value of the cases of merchandise so badly damaged as to be sold, and all the cotton ties, hoop iron, bars of steel, and other property saved from the lower hold, most of which was saved by diving; the net value of the property sold to be ascertained by deducting from the amount of proceeds of that sold the duties and a proper proportion of all costs and expenses of the suit, wharfage, storage, labor bills, landing and storing commissions, and all other charges incurred; of the property appraised, by deducting from the appraised value, the proper proportion of all costs and expenses, wharfage, storage, labor bills, landing, storing, and reshipping commissions, and all other charges incurred, excepting the respondents' proctor fee for defending. And whereas there may be some charges incurred to be borne by the vessel and cargo jointly, which would be taxed in proportion to the value of the property saved were both values known, that one-half of such charges should be taxed as against the property saved in proportion to the several values.

The court further ordered that whereas it had been reported and brought to the notice of the court that sundry boxes and cases were brought into port by the schooner Explorer in a damaged condition, and certain portions of their contents had been taken therefrom, that the master of said schooner Explorer, and all others interested in salvage earned by said schooner, appear at a day named, to show cause why the salvage earned by said vessel and crew be not forfeited.

[See Case No. 9,650.]

---

MISSISSIPPI & M. R. CO. (MUSCATINE v.). See Case No. 9,971.

MISSISSIPPI & M. R. CO. (WARD v.). See Case No. 17,156.

MISSISSIPPI & RUM RIVER BOOM CO. (PATTERSON v.). See Case No. 10,829.

MISSISSIPPI, ETC., BOOM CO. (UNITED STATES v.). See Case No. 15,784.

MISSISSIPPI CENT. R. CO. (ILLINOIS CENT. R. CO. v.). See Case No. 7,008.

MISSISSIPPI VAL. & W. R. CO. (WALKER v.). See Case No. 17,079.